IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| TERICA BOND,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF TENNESSEE,<br><br>    Respondent. | Case No. 1:24-cv-01225-JDB-jay |

ORDER DIRECTING PETITIONER TO FILE AN AMENDED § 2254 PETITION AND
DIRECTING CLERK TO MAIL FORM

On October 17, 2024, Petitioner, Terica Bond, an inmate at the Haywood County Jail in Brownsville, Tennessee, filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by the Person in State Custody ("the Petition") and paid the habeas filing fee. (Docket Entry ("D.E.") No. 1.) The Petition is before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Bond uses the district's official § 2254 form. She challenges convictions for possession and theft of property under $1,000. (*See* D.E. 1 at PageID 1.) She refers to "VOP dismissed" and "FTA 11/29 concurrent" with no clarification about the charges or sentences. (*Id.*)

Habeas Rule 2(c)(1) states that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring) ("The habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims."); *see Mayle v. Felix*, 545 U.S. 644, 669 (2005) (Souter, J., dissenting) (same). Petitioner alleges ineffective assistance of counsel and incomprehension of the plea without providing supporting facts. (*Id.* at PageID 5–6.)

Habeas Rule 2(c)(3) requires the petitioner to "state the relief requested." Bond leaves that section of the form blank. (*See* ECF No. 1 at PageID 14.)

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. 28 U.S.C. § 2254(b) & (c); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner did not appeal the convictions and asserts that this is her first petition. (*See id.* at PageID 2, 5–7.). Therefore, it appears that she has not exhausted her claims and that the Petition is premature.

The Court lacks the information it needs to proceed with preliminary screening. *See* Habeas Rule 4. Bond is therefore ORDERED to file an amended § 2254 petition on the official form within 28 days of the entry of this Order. She must use or substantially follow the official § 2254 form and address the deficiencies cited above.

Petitioner may file a motion seeking an extension of time on or before the due date for the amended petition. Failure to file an amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk is DIRECTED to mail Petitioner a § 2254 form and note the day of mailing on the docket.

IT IS SO ORDERED this 29th day of July, 2025.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE